# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| ALEX BROWN, III | CIVIL ACTION NO. 06-0279 |
|---|---|
| VS. | SECTION P |
| RICHLAND DETENTION CENTER, ET AL. | JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Alex Brown, III on February 14, 2006. Brown is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated Richland Detention Center (RDC), Rayville, Louisiana and he complains that he has received inadequate medical care at that facility; in an amended complaint filed on April 20, 2006, he complained of threats and other conditions of confinement. He named the facility, Warden Cupp, and Nurse Camilla Grant as defendants and prayed for an investigation of the facility, that Nurse Grant be relieved of her duties, and for an award of compensatory damages for pain and suffering in the amount of $1billion. In his amended complaint he named Major Trey Stokes as a defendant and prayed for a transfer to another institution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under the provisions of 28 U.S.C. §§1915 and

1

1915A.

## **STATEMENT OF THE CASE**

Between December 28, 2005 – January 9, 2006, plaintiff made formal requests to the prison medical department "... to be placed on dietary foods and also diabetic snacks..." and for daily blood-sugar level tests. His requests were denied by Nurse Grant. Plaintiff claimed that as a result he has experienced vision problems, headaches, and loss of appetite. He also complained that the defendants changed his medication "from Avandia to some other generic insulin." [doc. 1]

On April 20, 2006 plaintiff filed a letter which has been construed as an amended complaint and memorandum. [doc. 6] In this amended complaint plaintiff alleged that Major Trey Stokes threatened his life when he said, "...the only way ... you'll leave this facility is in a hearse..." Plaintiff claimed that the guards are "constantly attempting to provoke..." him. He complained that an unspecified number of inmates have the use of only one toilet, that the food is cold, and that inmates are required to pay for their medications.

Plaintiff has provided copies of administrative remedies procedure grievances (ARP) and responses:

(1) ARP dated January 12, 2006, complaining of the denial of medical treatment on January 10, 2006. Brown claimed to have requested daily blood sugar level checks and a "proper diet." He requested a §1983 civil rights complaint form. [doc. 1-1, p. 7]

(2) A Step Three ARP directed to LDOC Secretary Richard Stalder dated January 28, 2006. Plaintiff complained that he was being denied proper meals, diabetic checks and snacks. He requested transfer to another facility. [doc. 1-1, p. 8]

(3) A Grievance Remedy Procedure Response Form from Nurse Camilla Grant dated January 31, 2006 which stated:

> "Mr. Brown, you were told to check your fasting blood sugar when you arrived. I have responded to a previous grievance dated 1/4/06 about this. You have not come out as you were told to at a.m. diabetic call. No one in medical is stopping you but you seem to refuse to come out. Only 5 official times are logged for you coming out. As for your store orders, they certainly don't reflect a man who is concerned about his sugar level. Rules are set. You need to follow them. As for your threat of legal action, contact whomever you wish. That is your right. Your store orders, lack of order from an M.D. and refusal to check your sugar [are] well documented. By the way, the times you have check[ed] your sugar were all within the normal range." [doc. 1-1, pp. 5-6]

(4) An informal hand-written ARP dated April 8, 2006 addressed to Nurse Grant. Plaintiff requested that his blood sugar levels be checked daily. He also complained that Nurse Smith was rude to him. [doc. 6, p. 2]

(5) An informal hand-written response from Nurse Smith which stated in pertinent part, "You've been here since 12-29-05. Why all of a sudden you want to check your sugar every day. Twice a week is enough. I'm sure when you were on the street you didn't check your [blood-sugar] daily... I have sent for you some mornings and the officer said you refused. If you refuse [as] far as I am concern[ed] you don't need to be check[ed] everyday. You do not take your medication like you [are] suppose[d] to... You will come out on Monday and Thursday to check your [blood-sugar] not everyday... If you miss taking your meds again you will also go to lock-down." [doc. 6, p. 3]

(6) An informal hand-written ARP dated April 12, 2006 wherein plaintiff complained,

> "On ... 4/12/06 ... I received a threaten[ing] letter from Nurse Smith. It is a violation of my constitutional right as a human being

and a prisoner to be treated with cruelty. Nurse Smith constantly abuses her authority and violates my rights as a person by using profanity towards me and other inmates. She shows lack of professionalism... She says I did not come out when I was sent for which is not true, nobody never came to get me, they'd not even let me out since I've been at R.P.D.C. #2 and I know that I can sign a refusal of meds if I desire that is my legal right. Nurse Smith now wants to threaten me with lock-down so I want to sign a refusal. I only have six months left, and I'll live, God's will. Relief desire: To be treated like a human and not threaten or retaliated against for filing this A.R.P. Also transferred to another facility." [doc. 6, pp. 4-5]

## **LAW AND ANALYSIS**

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, his amended complaint and the copies of his ARP Grievances specifically detail his theories of liability with respect to each named defendant. The thoroughness of the complaint convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. Supervisory Officials

Plaintiff appears to have named Warden Cupp as a defendant merely because of the Warden's position of authority in the prison. It is well settled that supervisory officials may not

5

be held liable under § 1983 under the doctrine of *respondeat superior*. *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir.1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990).

To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998).

Plaintiff fails to make sustainable allegations which would establish supervisory liability on the part of Warden Cupp. To establish the personal liability of this defendant, plaintiff must show that his personal action or inaction violated plaintiff's civil rights. *Reimer v. Smith*, 663 F.2d 1316, 1322 n. 4 (5th Cir.1981). Plaintiff has alleged no facts to establish that Warden Cupp was in any way personally involved in the events that form the basis of his claims.

Further, plaintiff failed to allege that the Warden implemented policies so deficient that the policies themselves acted as a deprivation of constitutional rights. Accordingly, plaintiff has failed to state a claim pursuant to § 1983 against Warden Cupp.

### 3. Juridical Persons

Plaintiff has named the RDC as a defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether RDC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes

personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

RDC is apparently a parish corrections facility operated by the Sheriff of Richland Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)]

Further, to the extent that plaintiff's complaint is with the Richland Parish Sheriff's Office, it is also subject to dismissal. In Louisiana, the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

In other words, the State of Louisiana has not granted juridical status to either the Sheriff's Office or to the penal institutions administered by the Sheriff.

Plaintiff's suit against this non-juridical entity is patently frivolous.

### 4. Threats and Rudeness

Plaintiff contends that he has been threatened with physical abuse and even death. (He also complained about the rudeness of Nurse Smith.) The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The Fifth Circuit teaches the "physical injury" required by section 1997e(e) "must be more than de *minimus* [sic], but need not

7

be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997).

Plaintiff has alleged no physical injury resulting from the alleged wrongful acts of the Major Stokes who allegedly threatened him with physical harm and Nurse Smith who has been rude to him.

Section 1997e(e) bars all of petitioner's claims for monetary damages as a result of the alleged threats since plaintiff has alleged no physical injury resulting from the alleged wrong-doing.

Further, the threats alleged are akin to verbal abuse and it has been clearly established that mere allegations of verbal abuse do not present an actionable claim under §1983. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir.1993). The threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla.1977)). Consequently, these allegations lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 5. Medical Care

At all times relevant to this analysis, plaintiff was a convicted prisoner. Therefore, his medical care claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. In order to show an Eighth Amendment violation in this context, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Thompson v. Upshur County,*

*Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing.

Deliberate indifference in the context of the failure to provide reasonable medical care to a prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff claims that his blood sugar levels should be checked daily and that he should be afforded a special diet. However, the defendants contend that blood sugar tests conducted twice every week are sufficient. Plaintiff has shown only a disagreement with treatment and not deliberate indifference. Further, the ARP's and responses suggest that plaintiff may be his own worst enemy. The final response submitted by the plaintiff indicates a desire on his part to voluntarily discontinue medication.

9

In any event, plaintiff has not shown that any of the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; nor has he shown that they actually drew such an inference; nor that their response to his complaints indicated that they subjectively intended that any harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

The plaintiff's allegations of fact do not reveal that he was ever subject to a "substantial risk of serious harm." Had plaintiff been in the "free world" it is unlikely that he would have received any more attention as a result of his condition.

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). Plaintiff's complaint, taken as true, does not rise to this required level of indifference.

In short, plaintiff's claims concerning the denial of adequate medical care are frivolous and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 4th day of May, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE